SUPERIOR COURT
OF THE

RICHARD F. STOKES
*JUDGE*

SUSSEX COUNTY COURTHOUSE
1 THE CIRCLE, SUITE 2
GEORGETOWN, DE 19947
TELEPHONE (302) 856-5264

October 4, 2017

Robert H. Robinson, Esq.
Assistant Public Defender
14 The Circle, 2nd Floor
Georgetown, Delaware 19947

Katherine C. Butler, Esq.
Delaware Department of Justice
820 N. French Street
Wilmington, Delaware 19801

      RE: *State of Delaware v. Richard Maddux,*
         Case #:  1702009472

Dear Counsel:

This is the Court's decision on Defendant, Richard Maddux's ("Defendant"), Motion for Change of Venue under Superior Court Criminal Rule 21(a).[1] The Court has considered the parties' submissions and given counsel the opportunity to comment on cases provided by the Court. For the reasons expressed below, Defendant's Motion is **DENIED**.

---

[1] Superior Court Criminal Rule 21 reads in pertinent part:

    **(a) For Prejudice in the County.** The Court upon motion of the defendant shall transfer the proceeding as to that defendant to another county whether or not such county is specified in the defendant's motion if the court is satisfied that there exists in the county where the prosecution is pending a reasonable probably of so great a prejudice against the defendant that the defendant cannot obtain a fair and impartial trial in that county.

    **(b) Transfer in Other Cases.** For the convenience of the parties and witnesses, and in the interest of justice, the court upon motion of the defendant may transfer the proceeding as to that defendant or any one or more of the counts thereof to another county.

On February 14, 2017, Defendant was charged with the following five offenses: Theft of a Firearm, Theft $1500 or Greater, Burglary Second Degree, Possession of a Firearm by a Person Prohibited, and Transfer of a Firearm to a Person Without a Background Check. The alleged victim of these offenses is Jose Sanchez ("Sanchez"), a Delaware Capitol Police employee, currently assigned to conduct security screening at the main entrance of the Sussex County Courthouse. Technically, Sanchez is not a Superior Court employee. However, Defendant believes that, due to Sanchez's visibility at the Courthouse and his reputation for being a well-liked member of the Courthouse community, there is a reasonable likelihood that he will suffer prejudice if tried in the Sussex County Courthouse. Therefore, Defendant has moved for the trial to be transferred to New Castle County.

Here, Defendant moved for a transfer of venue under Rule 21(a). However, part (a) is intended to apply in situations where "pervasive pretrial publicity has inflamed passions in the host community past the breaking point."[2] The defense has a heavy burden to establish that the pretrial publicity has been so "extensive and sensational in nature" that Defendant cannot possibly receive an impartial trial.[3] No showing has been made to convince the Court that such circumstances exist. Therefore, the Court treats this Motion as having been made under Rule 21(b). Part (b) contemplates a transfer of venue that is necessitated out of convenience to those involved in the trial *and* by the interest of justice.[4] Neither criterion is met by the circumstances at hand; thus, the trial will be held in Sussex County.

In fact, it would be inconvenient for defense counsel and the witnesses for the trial to be held in New Castle County. This is a Sussex County based crime. All pertinent witnesses and current defense counsel are located in the area. No transfer is appropriate on this basis.

---

[2] *United States v. Walker*, 665 F.3d 212, 223 (1st Cir. 2011) (internal citations omitted).
[3] *United States v. Quiles-Olivio*, 684 F.3d 177, 182 (1st Cir. 2012) (internal citations omitted).
[4] It is important to note that by listing the requirements in the conjunctive Rule 21(b) requires both of the elements, convenience of the parties, victim(s), and witness(es) and the interest of justice, be present. *Id.* at 224 (emphasis added).

2

At the crux of Defendant's argument is the idea that Sanchez's employment at the Sussex County Courthouse, which charges him with the responsibility of protecting all who work in the Courthouse, as well as his generally positive reputation for geniality, introduces bias if the trial takes place in Sussex County. Additionally, Sanchez comes into contact with local attorneys and court employees on a regular, if not daily, basis, as these individuals pass through security any time they enter the Courthouse. In essence, Sanchez's status and good character so permeate the environment at the Courthouse as to render it unlikely that Defendant would be able to receive a fair trial in Sussex County. If this were true, it would be against the interest of justice to allow the trial to proceed in Sussex County.

However, the Court believes that the pertinent case law does not support a transfer of venue. The case *United States v. Walker* is informative. In *Walker*, the First Circuit considered whether a defendant received a fair trial in the courthouse where the victim, also his wife, worked as a court reporter. The defendant argued that "jurors may have given extra credence to Amy's [victim's] testimony because of her position and because of testimony that Judge Fuste (then the Chief Judge of Puerto Rico's federal district court) had 'vouched' for Amy in the Michigan custody proceedings…"[5] The Court held that he had received a fair trial, stating that "[t]he mere fact that the victim of the crime is a court employee in the district is not, in and of itself, a reason sufficient to compel a transfer of venue."[6]

Moreover, the First Circuit considered *United States v. Wright*, which held that a transfer of venue was appropriate because the crimes had occurred in the courthouse and numerous courthouse employees who may have known or worked with the victim were to be called at witnesses.[7] However, *Wright* was distinguished on the basis that the crimes at issue in *Walker* did not take place

---

[5] *Id.* at 222.
[6] *Id.* at 223 (internal citations omitted).
[7] *United States v. Wright*, 603 F.Supp.2d 506, 509 (E.D.N.Y. 2009).

in the courthouse and that only one courthouse employee, the victim herself, was to testify.[8]  Here, the same distinctions can be made, and the *Walker* reasoning is more persuasive.

Defendant is not prejudiced by holding the trial at the Sussex County Courthouse simply because Sanchez is a well-known and well-liked courthouse employee.  Furthermore, out of an abundance of caution, the Court has asked and understands that Sanchez will be assigned elsewhere during the trial.  Sanchez will be permitted in the Courtroom only while giving his testimony, during the closing arguments, and for the reading of the verdict.[9]  Furthermore, Sanchez will not mention his employment during his testimony, and he may only wear civilian clothes to the trial.  Lastly, the Court is willing to consider cautionary jury instructions, if the parties believe additional measures are necessary.

Considering the foregoing, there is no reasonable basis to believe that Defendant will not receive a fair trial in the Sussex County Courthouse;[10]  Defendant's Motion for Change of Venue is **DENIED**.

**IT IS SO ORDERED.**

Very truly yours,

Richard F. Stokes

cc: Prothonotary's Office

---

[8] *Walker*, 665 F.3d at 223.

[9] Chapter 94 of the Delaware Code is known as the Victim's Bill of Rights.  11 *Del. C.* § 9407 provides that "a victim…may be present whenever a defendant has a right to be present during a court proceeding concerning the crime charged other than the grand jury proceeding, unless good cause can be shown by the defendant to exclude the victim." The Court finds that there is good cause shown by Defendant for these measures to be taken.

[10] At the September 21, 2017 Office Conference, the Court conducted a *Los v. Los* analysis on the record to show that the Judge holds no bias against Defendant and that the minimal contact he has had with Sanchez would not in any way interfere with the trial. It is also noted that Sanchez runs security at the main entrance of the Courthouse, but the Judges enter through the door located at the back of the building.  Therefore, the Judges have very little interaction with the security personnel posted at the main entrance, including Sanchez.